Aaron T. Winn (SBN 229763)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: +1 619 744 2200
Fax: +1 619 744 2201
E-mail:     atwinn@duanemorris.com

Justin J. Fields (SBN 259491)
**DUANE MORRIS LLP**
Suite 2200
One Market, Spear Tower
San Francisco, CA 94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001
E-mail:     jfields@duanemorris.com

Attorneys for Defendant
INVITATION HOMES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| JOSE RIVERA, individually and on behalf of others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>INVITATION HOMES, INC. a Maryland corporation,<br><br>     Defendant. | Case No.: 4:18-cv-03158-JSW<br><br>**DEFENDANT'S NOTICE OF MOTION & MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    October 26, 2018<br>Time:    9:00 a.m.<br>Courtroom: 5, 2nd Floor<br><br>Judge:   Jeffrey S. White<br>Complaint Filed: May 25, 2018 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

   **PLEASE TAKE NOTICE** that on October 26, 2018 at 9:00 a.m., or as soon

thereafter as the matter may be heard in the courtroom of the Honorable Jeffrey S.

White, Courtroom 5 of the United States District Court for the Northern District of

California, Oakland Division, located at 1301 Clay Street, Oakland, CA 94612, defendant Invitation Homes, Inc. will and hereby does move for an order dismissing the First Amended Complaint (Doc. 18) on the following grounds:

The Second Cause of Action for alleged violation of the Unfair Competition Law (UCL) fails to state a claim upon which relief may be granted, specifically with respect to the "unfair" prong of the UCL. Fed. R. Civ. P. 12(b)(6), 8(a).

The Third Cause of Action for alleged violation of the Consumer Protection Laws or Laws Outlawing Illegal Contractual Penalties of Various States fails to state a claim upon which relief may be granted. Plaintiff also lacks standing to assert this Cause of Action on behalf of a multi-state class, including putative class members who are out of state residents. Fed. R. Civ. P. 12(b)(1), 12(b)(6), 8(a).

The Fourth Cause of Action for Unjust Enrichment fails to state a claim upon which relief may be granted. Plaintiff also lacks standing to assert this Cause of Action on behalf of a multi-state class, including putative class members who are out of state residents. Fed. R. Civ. P. 12(b)(1), 12(b)(6), 8(a).

The Fifth and Sixth Causes of Action, respectively for Declaratory Relief and Declaratory Judgment, fail to state a claim upon which relief may be granted. Plaintiff also lacks standing to assert these Causes of Action on behalf of a multi-state class, including putative class members who are out of state residents. Fed. R. Civ. P. 12(b)(1), 12(b)(6), 8(a).

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, as well as the papers, records, and pleadings on file in this action and any such further evidence as may be presented at the hearing on this motion.

Dated: September 14, 2018        **DUANE MORRIS LLP**

By:/s/Aaron T. Winn
    Aaron T. Winn
    Justin J. Fields
    Attorneys for Defendant
    INVITATION HOMES, INC.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES..................................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS.......................................2

ARGUMENT....................................................................................................4

    A.    The Third through Sixth Causes of Action Fail Because Rivera
            Lacks Standing to Allege Violations of Other States' Laws.................. 4

    B.    The Complaint Fails to State an "Unfair" UCL Claim.......................... 5

    C.    The Third Cause of Action for Alleged Violations of "Various States'
            " Laws Fails to State a Claim. .............................................. 7

          1.    The Third Cause of Action Remains Too Vague. ........................ 8

          2.    Rivera Does Not State a Claim under Laws of
               "Various" States. ........................................................... 9

    D.    "Unjust Enrichment" Is Not A Valid Claim......................................... 11

    E.    The Declaratory Relief and Declaratory Judgment Causes of Action
            Fail to State a Claim............................................................... 12

**CONCLUSION**............................................................................................**14**

**Federal Cases**

*Abdul-Haqq v. Kaiser Emergency in San Leandro*
Case No. 16-cv-05454-PJH, 2017 WL 550235 (N.D.Cal. Feb. 10, 2017) ................. 11

*In re Adobe Systems, Inc. Privacy Litigation*
66 F.Supp.3d 1197 (N.D.Cal. 2014) ........................................................ 14

*Alvarez v. MTC Financial Inc.*
No. 3:16-cv-06428-WHO, 2017 U.S. Dist. LEXIS 70898 (N.D.Cal. May
9, 2017) ........................................................................................ 2, 13

*In re Apple & AT&TM Antitrust Litigation*
596 F.Supp.2d 1288 (N.D.Cal. 2008) ...................................................... 5

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ........................................................................ 2, 4

*Azad v. Tokio Marine HCC-Medical Ins. Svcs., LLC*
No. 17-cv-00618-PJH, 2017 U.S. Dist. LEXIS 109758 (N.D.Cal. July 14,
2017) ........................................................................................... 2, 12

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ................................................................. 2, 4, 6-8

*Boris v. Wal-Mart Stores, Inc.*
35 F.Supp.3d 1163 (C.D. Cal. 2014) ...................................................... 7

*Burdt v. Whirlpool Corp.*
No. C-15-01563 JSW, 2015 U.S. Dist. LEXIS 102761 (N.D.Cal. Aug. 5,
2015) ........................................................................................... 5-7

*Cetacean Community v. Bush*
386 F.3d 1169 (9th Cir. 2004) .............................................................. 4

*In re Ditropan XL Antitrust Litig.*
529 F.Supp.2d 1098 (N.D. Cal. 2007) ............................................. 4-5, 9, 11-12

*In re Graphics Processing Units Antitrust Litig.*
527 F.Supp.2d 1011 (N.D.Cal. 2007) ...................................................... 5

*Hayes v. Wells Fargo Bank, N.A.*
No. 13-CV-0420 KAW, 2013 WL 4117050, at *7 (N.D.Cal. Aug. 12,
2013) ............................................................................................ 14

*Hodsdon v. Mars, Inc.*
  891 F.3d 857 (9th Cir. 2018) ............................................................... 1

*Khasin v. R.C. Bigelow, Inc.*
  No. C12-02204 JSW, 2013 U.S. Dist. LEXIS 77084 (N.D.Cal. May 31,
  2013) ................................................................................................... 12

*Lozano v. AT&T Wireless Servs.*
  504 F.3d 718 (9th Cir. 2007) ................................................................. 6

*McLellan v. Fitbit, Inc.*
  No. 3:16-cv-00036-JD, 2018 U.S. Dist. LEXIS 94685 (N.D.Cal. June 5,
  2018) ................................................................................................... 12

*Mendez v. Selene Fin. LP*
  No. 2:16-cv-09335-ODW (FFM), 2017 U.S. Dist. LEXIS 64111 (C.D.Cal.
  April 27, 2017) .................................................................................... 13

*Rosenfeld v. JPMorgan Chase Bank, NA*
  732 F.Supp.2d 952, 975 (N.D.Cal. 2010) ............................................. 14

*Rubio v. Capital One Bank*
  613 F.3d 1195 (9th Cir. 2010) ............................................................... 5

*Safe Air for Everyone v. Meyer*
  373 F.3d 1035 (9th Cir. 2004) ............................................................... 4

*Sud v. Costco Wholesale*
  229 F.Supp.3d 1075 (N.D.Cal. 2017) ............................................... 5, 7

*Van Mourik v. Big Heart Pet Brands, Inc.*
  No. 3:17-cv-03889-JD, 2018 U.S. Dist. LEXIS 34796 (N.D.Cal. March 1,
  2018) ..................................................................................... 1, 5, 9, 11

*Victor v. RC Bigelow, Inc.*
  No. 13-cv-02976-WHO, 2014 U.S. Dist. LEXIS 34550 (N.D. Cal. March
  14, 2014) ............................................................................................... 7

*White v. Lee*
  227 F.3d 1214 (9th Cir. 2000) ............................................................... 4

**California Cases**

*Canova v. Trs. of Imperial Irrigation Dist. Employee Pension Plan*
  150 Cal. App. 4th 1487 (2007) ............................................................ 13

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*
  20 Cal.4th 163 (1999) ........................................................................... 5

*County of San Diego v. State*
        164 Cal. App. 4th 580 (2008) ......................................................................... 13

*Drum v. San Fernando Valley Bar Ass'n*
        182 Cal. App. 4th 247 (2010) ........................................................................... 6

*Everett v. Mountains Recreation & Conservation Authority*
        239 Cal.App.4th 541 (2015) ........................................................................... 12

*Gafcon, Inc. v. Ponsor & Assocs.*
        98 Cal. App. 4th 1388 (2002) ......................................................................... 13

*Leonhart v. Nature's Path Foods*
        Inc., No. 13-cv-00492-BLF, 2014 U.S. Dist. LEXIS 164425, at *24-25
        (N.D. Cal. Nov. 21, 2014) ................................................................................ 13

**Other State Cases**

*Martis v. Grinnell Mut. Reinsurance Co.*
        905 N.E.2d 920 (Ill. App. Ct. 2009) ............................................................... 11

*Mowbray v. Avery*
        76 S.W.3d 663 (Tex. App. 2002) ..................................................................... 11

*Southtown Plumbing v. Har-Ned Lumber*
        493 N.W.2d 137 (Minn. Ct. App. 1992) ......................................................... 12

*Walker v. Sunrise Pontiac-GMC Truck, Inc.*
        249 S.W.3d 301 (Tenn. 2008) ......................................................................... 10

**Federal Statutes**

15 U.S.C. §45 ............................................................................................................... 6

28 U.S.C. section 2201 ............................................................................................... 12

Declaratory Judgment Act ....................................................................................... 14

Federal Trade Commission Act ................................................................................ 6

Uniform Residential Landlord and Tenant Act .................................................... 10

Various States' Consumer Protection Laws ............................................................ 7

**State Statutes**

California Code of Civil Procedure section 1060 ................................................... 12

California Code of Civil Procedure section 1671 ............................................... 3, 6

Tennessee Annotated Code section 47-18-101 ................................................................ 10

Tennessee Annotated Code section 66-28-201 .............................................................. 10

Tennessee Consumer Protection Act of 1977 ............................................................... 10

**Rules**

Federal Rule of Civil Procedure 8 ................................................................................ 4, 9

Federal Rule of Civil Procedure 12 .............................................................................. 4

# MEMORANDUM OF POINTS AND AUTHORITIES

Rivera alleges that when he failed to timely pay his rent, he was charged a late fee. Doc. 18, ¶ 12. Although he agreed that the late fee was reasonable when he signed his lease agreement, he now alleges that the late fee violates California law. *See id*. at ¶ 40. He seeks to assert this claim on behalf of all of Defendant's California tenants. *Id*. at ¶ 27. Rivera also seeks to represent a putative "Multi-State" Class of non-California tenants under the theory that Invitation Homes' late fees violate twelve other states' "consumer protection" laws. *Id*. at ¶¶ 27, 52-56. Because Rivera's amended complaint suffers from many of the same defects that plagued his original complaint, Invitation Homes again moves to dismiss the Second through Sixth Causes of Action.

Rivera's Second Cause of Action asserts that Invitation Homes' alleged practice of charging late fees to tenants who fail to timely pay rent violates both the unlawful and unfair prongs of California's Unfair Competition Law (UCL). Even if Rivera's reference to Civil Code section 1671(d) is enough to state a claim under the UCL's unlawful prong, Rivera has not alleged facts sufficient to state a separate claim under the "unfair" prong of the UCL. Rather, Rivera merely alleges that the late fee is unfair because it is supposedly unlawful. But to state an "unfair" claim under the UCL, a plaintiff must do more than merely allege that a practice is unlawful. *See Hodsdon v. Mars, Inc.*, 891 F.3d 857, 865-66 (9th Cir. 2018).

The Third through Sixth Causes of Action fail for a more fundamental reason: Rivera, a California resident whose subject lease was in California, lacks standing to assert alleged violations of other states' laws. *Van Mourik v. Big Heart Pet Brands, Inc.*, No. 3:17-cv-03889-JD, 2018 U.S. Dist. LEXIS 34796, at *2 (N.D.Cal. March 1, 2018). And because Rivera cannot cure that defect, the Third through Sixth Causes of Action should be dismissed with prejudice.

The Third Cause of Action for the alleged violation of various states' "consumer protection" laws also fails because it merely couples statutory references with the

conclusory allegation that Invitation Homes violated them. This would be fatal under any circumstance. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ("labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). But it is particularly problematic here because the Complaint is attempting to invoke *twelve different states' laws* without even bothering to identify the elements of each state's law, much less allege specific facts to support a claim under any particular state law. That won't do. *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

The Fourth Cause of Action for unjust enrichment also fails because "[u]njust enrichment is not an independent cause of action." *See Azad v. Tokio Marine HCC-Medical Ins. Svcs., LLC,* No. 17-cv-00618-PJH, 2017 U.S. Dist. LEXIS 109758 (N.D.Cal. July 14, 2017) (dismissing "unjust enrichment" cause of action with prejudice).

The Fifth and Sixth Causes of Action for declaratory relief and declaratory judgment do not state viable claims because Rivera has no contractual relationship with Invitation Homes. Doc. 18-1, ¶ 12. Thus, there is no ongoing controversy. These purported causes of action also serve no purpose because the relief they seek will be addressed through Rivera's other claims. *See Alvarez v. MTC Financial Inc.,* No. 3:16-cv-06428-WHO, 2017 U.S. Dist. LEXIS 70898, at *14-*15 (N.D.Cal. May 9, 2017).

For all of these reasons, the Court should dismiss the "unfair" prong of Rivera's UCL claim and dismiss the Third through Sixth Causes of Action with prejudice.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

On May 25, 2018, Rivera filed the instant lawsuit, which alleges that Invitation Homes' late fees are unlawful and that Rivera's late fee experience was typical of "thousands" of other Invitation Homes' tenants across the country. Doc. 1, ¶ 10. Invitation Homes moved to dismiss the original Complaint on several grounds, including that: (a) Rivera lacked standing to assert claims on behalf of out-of-state putative class members based other states' laws, and (b) Rivera failed to allege

sufficient facts to plausibly state a claim.  Doc. 14.  On August 17, 2018, Rivera chose to file a First Amended Complaint, as was his right, instead of responding to Invitation Homes' motion to dismiss.  Doc. 18.

The allegations in the original and First Amended Complaint are virtually identical, as Rivera's "compare changes" version shows.  Doc. 18-1.  Rivera alleges that he leased a single-family home in Sylmar, California, that he agreed that there would be a $95 late fee if he failed to pay rent on time, that he failed to pay his rent on time, and he was charged a $95 late fee.  Doc. 18, ¶ 12.  In February 2018, Rivera moved out. *Id*. at ¶ 12.

Rivera seeks to assert his claims on behalf of two putative classes or sub-classes: (1) a "California Class," consisting of Invitation Homes' California tenants who were charged late fees; and (2) a "Multi-State Class," consisting of all Invitation Homes' tenants who were charged late fees "in all states."  Doc. 18, ¶ 27.  In the original Complaint, Rivera sought to represent a "nationwide class."  This purported "Multi-State" class for "all states" is similarly nebulous.

Rivera asserts the first two causes of action—(1) violations of California Civil Code section 1671(d) and (2) violations of California's Unfair Competition Law—on behalf of the California Class.  He asserts the third, fourth, fifth, and sixth causes of action—(3) violations of "various states' consumer protection laws or laws outlawing illegal contractual penalties," (4) unjust enrichment, (5) declaratory relief; and (6) "declaratory judgment of invalidity of the late rent penalties"—on behalf of the Multi-State Class.  Rivera asserted the first five causes of action in the original Complaint. The sixth cause of action is new to the First Amended Complaint, although it appears to duplicate the fifth cause of action for declaratory relief.

# ARGUMENT

A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) tests the legal sufficiency of a complaint's claims. To survive a motion to dismiss, a complaint must satisfy the notice pleading requirements of Federal Rule of Civil Procedure Rule 8, which requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This "plausibility standard" asks *more* than merely alleging facts that are "consistent with a defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009) (quoting *Twombly*, 550 U.S. at 556-557). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678.

## A.     The Third through Sixth Causes of Action Fail Because Rivera Lacks Standing to Allege Violations of Other States' Laws.

Because Article III standing implicates a federal court's subject-matter jurisdiction, arguments that a plaintiff lacks standing are properly raised under Federal Rule of Civil Procedure 12(b)(1). *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000); *Cetacean Community v. Bush,* 386 F.3d 1169, 1174 (9th Cir. 2004) (where plaintiffs lack standing, a suit should be dismissed under Rule 12(b)(1)). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction may be "facial or factual." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004).

Here, Invitation Home "facially" attacks Rivera's standing to assert claims of alleged violations of other states' laws because Rivera alleges that he is a California resident whose alleged harm arose in California. Thus, Rivera lacks standing to assert alleged violations of *other states'* laws either on behalf of himself or on behalf of others. *In re Ditropan XL Antitrust Litig.*, 529 F.Supp.2d 1098, 1106-1107 (N.D. Cal. 2007) (dismissing indirect purchaser claims based on the law of states where a named

plaintiff did not reside); *In re Graphics Processing Units Antitrust Litig.*, 527 F.Supp.2d 1011, 1026-1027 (N.D.Cal. 2007) (dismissing all claims brought under non-California law on behalf of out-of-state plaintiffs where no named plaintiffs resided); *In re Apple & AT&TM Antitrust Litigation*, 596 F.Supp.2d 1288, 1309 (N.D.Cal. 2008) (dismissing consumer protection claims for all jurisdictions in the states where no named plaintiff resided); *Van Mourik*, 2018 U.S. Dist. LEXIS 34796, at *2 (dismissing putative class claims on behalf of California residents brought by a Texas resident for lack of standing). Yet that is exactly what the First Amended Complaint attempts to do. *See* Doc. 18, ¶¶ 27, 57, 60, 65.

Because Rivera lacks standing to assert alleged violations of other states' laws, the Court should dismiss all of Rivera's putative "Multi-State" claims—i.e., the Third, Fourth, Fifth, and Sixth Causes of Action. *See In re Ditropan XL Antitrust Litig.*, 529 F.Supp.2d at 1106-1107, *Van Mourik*, 2018 U.S. Dist. LEXIS 34796, at *2, and other collected authorities cited above.

### B. The Complaint Fails to State an "Unfair" UCL Claim.

California's UCL establishes distinct causes of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163 (1999).

Rivera appears to assert claims under the UCL's unlawful and unfair prongs. Invitation Homes moves to dismiss the purported cause of action for violations of the unfair prong of the UCL.

The elements of an "unfair" claim under the UCL is currently "in flux." *Sud v. Costco Wholesale*, 229 F.Supp.3d 1075, 1088 (N.D.Cal. 2017). Some courts adhere to a balancing test requiring the plaintiff to prove facts that the harm to the consumer outweighs the utility of the business practice. *Burdt v. Whirlpool Corp.*, No. C-15-01563 JSW, 2015 U.S. Dist. LEXIS 102761, at *22 (N.D.Cal. Aug. 5, 2015) (citing *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010)). This first test examines whether the business practice is "immoral, unethical, oppressive,

unscrupulous, or substantially injurious to consumers." *Id.* (quoting *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010)). The alternative test "requires a plaintiff to show that a practice violates public policy as declared by specific constitutional, statutory, or regulatory provisions." *Id.* at *22-*23 (quotations omitted).

Rivera's Complaint flunks both tests. As an initial matter, in an effort to "cure" the defects Invitation Homes raised with respect to the original Complaint's "unfair" allegations, Rivera added the following conclusory statements at Paragraph 43 of the First Amended Complaint:

- Invitation Homes' policy is "unfair" because it "has a great and deleterious effect" on Rivera and other tenants and "has no legal justification." (Doc. 18, ¶43);

- Invitation Homes' motives are supposedly profit-driven. (*Id.*);

- Invitation Homes' late fee "policy" violates Civil Code section 1671 and the policy of at least one other statute that has no relevance to this case, 15 U.S.C. §45.[1] (*Id.*);

- The alleged business practices "offend established public policies" and are "immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers." (*Id.*); and

- The harm of Invitation Homes' policies outweighs their utility. (*Id.*)

In short, all Rivera added to the UCL cause of action in an effort to remedy the pleading defects are conclusions, not facts. Rivera's vague and bald statements do not plausibly support a claim under the unfair prong of the UCL. *Twombly,* 550 U.S. at 555 ("[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

---

[1] 15 U.S.C § 45 provides that under the Federal Trade Commission Act, the FTC "prevent persons, partnerships, or corporations, except … common carriers subject to the Acts to regulate commerce … from …using unfair or deceptive acts or practices in or affecting commerce." The present lawsuit is obviously not an action brought by the FTC or covered by the FTC Act. In fact, the Ninth Circuit has expressly rejected the analogy that Rivera tries to draw to an FTC standard when dealing with supposed unfair conduct under the UCL in the consumer context. *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 736 (9th Cir. 2007).

The First Amended Complaint also does not tie any of these allegations to an established public policy. And alleging that late fees are supposedly assessed when payments are late or when unpaid balances are only "minimal" (see Doc. 18, ¶10), does not show that Invitation Homes' conduct is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. Rivera's conclusory allegation to the contrary is not enough to state an "unfair" claim under the UCL. *See Victor v. RC Bigelow, Inc.*, No. 13-cv-02976-WHO, 2014 U.S. Dist. LEXIS 34550, at *59-*60 (N.D. Cal. March 14, 2014) (dismissing UCL claim brought under the unfair prong for failure to plead sufficient facts to allow court to conduct the necessary balancing test); *see also Sud*, 229 F.Supp.3d at 1089; *Burdt*, 2015 U.S. Dist. LEXIS 102761, at *23; *Twombly*, 550 U.S. at 555.

Rivera's "unfair" theory is also untenable because it asks the Court to make arbitrary determinations, such as when an unpaid balance ceases to be "minimal" for purposes of imposing a late fee. These are not the type of questions that give rise to an "unfair" claim under the UCL. *See Boris v. Wal-Mart Stores, Inc.,* 35 F.Supp.3d 1163, 1171-1172 (C.D. Cal. 2014) (dismissing UCL claim brought under the unfair prong where plaintiff's theory would require court to impose liability in an arbitrary or unpredictable manner).

**C.     The Third Cause of Action for Alleged Violations of "Various States' " Laws Fails to State a Claim.**

Rivera's Third Cause of Action, purportedly asserted on behalf of a Multi-State Class, is titled a claim for "violation of the Various States' Consumer Protection Laws or Laws Outlawing Illegal Contractual Penalties." Doc. 18, at 15:6-9.[2] This is a nebulous "kitchen-sink" claim purportedly brought on behalf of residents in at least twelve states and based on those states' laws. Rivera lumps together and jumbles

---

[2] Somewhat confusingly, Rivera has not updated his caption, which still calls the Third Cause of Action a claim for "Violations of the Contract and Consumer Protection Statutes of the Various States." Doc. 18, p. 1.

supposed "consumer protection laws" and "laws outlawing illegal contractual penalties" from twelve states and makes the blanket assertion that Invitation Homes is liable under them all.

In its original motion to dismiss, Invitation Homes observed that the Third Cause of Action was too vague and non-specific as to the out-of-state laws supposedly at issue and the underlying factual bases for asserting claims under those laws. Doc. 14. In an effort to cure those defects, Rivera cites statutes or cases from twelve states in the First Amended Complaint. Doc. 18, ¶ 56. But Rivera's revised approach is still deficient and too vague. *Twombly,* 550 U.S. at 555. The First Amended Complaint still lacks any meaningful discussion as to how each cited statute or case fits within the factual framework of this case. Put simply, it is not enough to state a claim by simply citing a statute or case, without explanation, and saying that the defendant violated twelve different states' laws. *Id.*

### 1. The Third Cause of Action Remains Too Vague.

Rivera alleges that Invitation Homes' late fee policies and practices are "illegal under the laws of" the states where Invitation Homes owns or operates rental homes. Doc. 18, ¶ 53. But Rivera never explains how or why Invitation Homes supposedly violated multiple states' "consumer protection laws or laws outlawing illegal contractual penalties;" instead, he simply lists various state statutes and case law without connecting any factual allegations to them.

Because Rivera conflates consumer protection statutes, statutes addressing liquidated damage provisions, and case law, the scope of this claim is confusing and unclear. Moreover, Rivera is not consistent in how he identifies these various sources of law. For instance, he does not cite consumer protection statues for multiple states including Arizona, Colorado or Florida (Doc. 18, ¶ 56(a), (c), (d)), but he does cite consumer protection statutes for other states like California and Tennessee (Doc. 18, ¶ 56(b), (j). Its unclear then whether he is making a consumer protection type of claim under the state laws where he has failed to cite an applicable statute, or whether this

was a pleading oversight.  Further confusing the scope of this cause of action is Rivera's cursory statement that the statutes and case law he cites in Paragraph 56 reflect only "a minimum" of the laws violated by Invitation Homes.  Doc. 18, ¶ 56.  This is yet a further example of the muddled nature of this claim, which makes it entirely unclear what he is (or is not) attempting to hold Invitation Homes liable for.

Rivera's manner of pleading does not meet the minimum pleading requirements of Rule 8, because he has not fully or clearly set forth the legal bases underlying this cause of action.  *In re Ditropan XL Antitrust Litig.*, 529 F.Supp.2d at 1101 (dismissing claim where plaintiff failed to plead under which state or states' laws the claim was based); *Van Mourik*, 2018 U.S. Dist. LEXIS 34796, at *4-*5 (dismissing putative nationwide class action where plaintiff failed to specify which state's laws she meant to sue under, as plaintiff therefore failed to advise the defendant of what it is called to answer for legally).

## 2. Rivera Does Not State a Claim under Laws of "Various" States.

The twelve states referenced in the First Amended Complaint have different elements for what constitutes a consumer protection or unlawful penalty type of claim. Rather than account for these variations, Rivera baldly states that the laws are somehow "universal" and that Invitation Homes violated them all.  That is not good enough from a pleading perspective, particularly when a plaintiff seeks to impose liability on a defendant under multiple legal frameworks (i.e., consumer protection, contractual, and common law) from twelve states.

The deficiency of Rivera's vague references to legal authorities for twelve different states is compounded by the fact that he fails to cite or address the landlord-tenant laws of each state, many of which address late fees for rent.  Some of the landlord-tenant laws specify certain late fee amounts that may be charged for residential rental property.  Invitation Homes provides the specific example of Tennessee's laws directly below.

1    Indeed, closer inspection of the various out-of-state statutes or cases referenced

2    at Paragraph 56 of the Third Cause of Action spotlights the defects of this claim.  For

3    example, as to Tennessee, instead of citing a specific statutory provision, Rivera cites

4    generally to Tennessee Annotated Code section 47-18-101 "et seq." which is the

5    Tennessee Consumer Protection Act of 1977 (TCPA).  Doc. 18, ¶ 56(j).  Rivera ignores

6    the fact that the Tennessee Supreme Court has held for over a decade that class action

7    claims *are prohibited* under the TCPA.  *Walker v. Sunrise Pontiac-GMC Truck, Inc.*,

8    249 S.W.3d 301, 313 (Tenn. 2008) ("we hold that class certification is unavailable

9    under the TCPA").  For that reason alone, Rivera cannot assert claims on behalf of any

10   putative class member under the TCPA.  Moreover, Rivera ignores Tennessee

11   Annotated Code section 66-28-201, which addresses terms and conditions of rental

12   agreements under the Uniform Residential Landlord and Tenant Act.  Section 66-28-

13   201(d) provides that a "charge[] by the landlord for the late payment of rent shall not

14   exceed ten percent (10%) of the amount of rent past due."  Here, using Rivera's

15   example from Paragraph 11 of the First Amended Complaint of "typical rent" being

16   $2,699/month, under Tennessee law a late fee could properly be up to $269, which is

17   far more than the $95 late fee that Invitation Homes purportedly charged Rivera.

18       For these myriad reasons, Rivera fails to allege facts – let alone connect facts to

19   applicable law – to support claims against Invitation Homes based on the laws of other

20   states.  The Tennessee example above shows that Rivera would have to recite the legal

21   elements of the other states' laws and tie them to specific facts plausibly suggesting a

22   cognizable violation of law.  He may not sweep in laws from twelve states by simply

23   citing statutes or cases without any meaningful explanation.  Nor can he ignore the

24   landlord-tenant laws of each of the states in which he attempts to invalidate Invitation

25   Homes' late fees.

26       Invitation Homes cannot meaningfully respond to a claim that does not fully and

27   clearly identify the applicable laws on which it is based, let alone one that generically

28

cites laws without the requisite factual allegations giving notice of how or why Invitation Homes is allegedly liable for supposed violation of those laws.

### D. "Unjust Enrichment" Is Not A Valid Claim.

The Fourth Cause of Action is identical in the original and First Amended Complaints, except that in the latter, (1) Rivera adds the phrase "Quasi-Contract" to the header, without explanation or further reference (Doc. 18, at 18:2); and (2) it is now brought on behalf of a Multi-State Class rather than a Nationwide Class. These minimal changes do not cure the pleading defects raised in Invitation Homes' prior motion to dismiss. See Doc. 14.

The Fourth Cause of Action still fails to state a claim because it does not identify the applicable law(s) that supposedly give rise to the claim. That won't do. *In re Ditropan XL Antitrust Litig.*, 529 F.Supp.2d at 1101 (dismissing unjust enrichment claim where plaintiff failed to plead under which state or states' laws the claim was based); *Van Mourik*, 2018 U.S. Dist. LEXIS 34796, at *4-*5 (dismissing putative nationwide class action for unjust enrichment where plaintiff failed to specify which state's laws she meant to sue under, as plaintiff therefore failed to advise the defendant of what it is called to answer for legally); *Abdul-Haqq v. Kaiser Emergency in San Leandro*, Case No. 16-cv-05454-PJH, 2017 WL 550235, at *4 (N.D.Cal. Feb. 10, 2017) (finding complaint defective because it failed to make clear the statutory basis for each of the claims, and ordering plaintiff to specifically state the statutory basis or other legal basis for each claim). If Rivera is asking for an adjudication of unjust enrichment claims under the laws of twelve states, or otherwise, Invitation Homes and the Court are entitled to fair notice to evaluate the propriety of such claims.

Moreover, many of the states referenced in the Complaint do not even recognize "unjust enrichment" as a standalone claim. *See Mowbray v. Avery*, 76 S.W.3d 663, 679 (Tex. App. 2002) ("unjust enrichment is not a distinct independent cause of action but simply a theory of recovery"); *Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920

(Ill. App. Ct. 2009) (same); *Southtown Plumbing v. Har-Ned Lumber*, 493 N.W.2d 137 (Minn. Ct. App. 1992) (same); *Everett v. Mountains Recreation & Conservation Authority*, 239 Cal.App.4th 541, 553 (2015) ("there is no cause of action in California for unjust enrichment."); *McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2018 U.S. Dist. LEXIS 94685 (N.D.Cal. June 5, 2018) (dismissing unjust enrichment claim with prejudice because "unjust enrichment is a remedy and not an independent claim."); *Khasin v. R.C. Bigelow, Inc.*, No. C12-02204 JSW, 2013 U.S. Dist. LEXIS 77084, at *11-*12 (N.D.Cal. May 31, 2013) (same); *Azad*, 2017 U.S.Dist.Lexis 109758, at *25 (dismissing unjust enrichment claim where relief sought was duplicative of that requested in other asserted claims).

In sum, the Fourth Cause of Action fails because: (a) it does not identify the applicable law or laws under which Rivera asserts an unjust enrichment/quasi-contract claim; and (b) Rivera does not plead facts to overcome the general prohibition against an unjust enrichment claim or otherwise explain how this action arising from a lease agreement implicates "quasi-contract."

### E. The Declaratory Relief and Declaratory Judgment Causes of Action Fail to State a Claim.

With the duplicative Fifth Cause of Action for Declaratory Relief and Sixth Cause of Action for Declaratory Judgment, Rivera once again attempts to assert "Multi-Class" claims without identifying the various laws or statutes that supposedly support the causes of action. This requires dismissal. *See In re Ditropan XL Antitrust Litig.*, 529 F.Supp.2d at 1101.

Even if Rivera were only attempting to assert a declaratory relief type of claim under California law (which does not appear to be the case), his claim still fails because declaratory relief actions are only appropriate when there is an actual controversy relating to the parties' *ongoing* legal rights and duties. *See* Cal. Code Civ. Proc. §1060; 28 U.S.C. §2201. In other words, declaratory relief actions provide clarity about ongoing and future relationships and obligations; they are not intended to

12

redress past wrongs. *County of San Diego v. State*, 164 Cal. App. 4th 580, 607-608 (2008). Thus, where a party has a fully-matured cause of action for monetary relief (as Rivera claims to have here), the party must seek monetary—not declaratory—relief. *Canova v. Trs. of Imperial Irrigation Dist. Employee Pension Plan,* 150 Cal. App. 4th 1487, 1497 (2007) (affirming rejection of declaratory relief cause of action where plaintiff had cause of action seeking money damages); *see also Gafcon, Inc. v. Ponsor & Assocs.,* 98 Cal. App. 4th 1388, 1404 (2002) (purported client could pursue money damages for attorney's alleged conduct, but could not pursue declaratory relief because the attorney-client relationship had concluded).

Moreover, because Rivera is no longer a tenant of Invitation Homes (Doc. 18, ¶ 12), he no longer has any ongoing contractual relationship with Invitation Homes. Thus, his Fifth and Sixth Causes of Action do not seek to resolve an actual or ongoing controversy; they seek to redress *past wrongs*. That's not the purpose of a declaratory relief action. *See Canova,* 150 Cal. App. 4th at 1497; *Gafcon,* 98 Cal. App. 4th at 1404.

These declaratory relief actions are also unnecessary because it cannot afford any additional benefit beyond the claims Rivera has already asserted. *See* Doc. 18, ¶¶ 39-40, 42, 53 (alleging conduct in the first three Causes of Action that will require the Court to determine whether Invitation Homes' late fee is lawful). This also warrants dismissal. *See, e.g., Leonhart v. Nature's Path Foods*, Inc., No. 13-cv-00492-BLF, 2014 U.S. Dist. LEXIS 164425, at *24-25 (N.D.Cal. Nov. 21, 2014) (dismissing declaratory relief action, finding that it would not afford an additional benefit beyond the other claims asserted); *Mendez v. Selene Fin. LP*, No. 2:16-cv-09335-ODW (FFM), 2017 U.S. Dist. LEXIS 64111, at *15-*16 (C.D.Cal. April 27, 2017) (dismissing declaratory relief claim as duplicative and unnecessary in light of adequate remedies existing under other asserted claims); *Alvarez v. MTC Financial Inc.,* No. 3:16-cv-06428-WHO, 2017 U.S. Dist. LEXIS 70898, at *14-*15 (N.D.Cal. May 9, 2017) (dismissing declaratory relief claim without leave to amend because the determination

sought was already necessary to resolve the other claims, and thus not appropriate for an independent claim).

If Rivera, without so alleging, meant to assert a claim under the Declaratory Judgment Act for the Sixth Cause of Action, his claim still fails. First, as with the Fifth Cause of Action, he lacks standing because he raises no impending risk of harm since he is no longer a tenant and faces no further late fees. *In re Adobe Systems, Inc. Privacy Litigation*, 66 F.Supp.3d 1197, 1220 (N.D.Cal. 2014) (plaintiff seeking a declaratory judgment must have Article III standing).

Moreover, both the Fifth and Sixth Causes of Action fail because "declaratory and injunctive relief are not causes of action; rather, they are remedies." *Rosenfeld v. JPMorgan Chase Bank, NA*, 732 F.Supp.2d 952, 975 (N.D.Cal. 2010) (dismissing declaratory judgment and injunctive relief causes of action but permitting plaintiff to replead those remedies in the prayer for relief section); *see also Hayes v. Wells Fargo Bank, N.A.,* No. 13-CV-0420 KAW, 2013 WL 4117050, at *7 (N.D.Cal. Aug. 12, 2013) (dismissing declaratory judgment and injunctive relief causes of action because "[t]hese are not independent causes of action, but remedies").

# CONCLUSION

Rivera had the benefit of Invitation Home's motion to dismiss his original Complaint, which addressed the same pleading defects as the present motion. Doc. 14. His inability to cure those defects in the First Amended Complaint confirms that further opportunity to amend would be futile. Accordingly, Invitation Homes respectfully requests an order dismissing the "unfair" UCL claim and dismissing the Third, Fourth, Fifth, and Sixth Causes of Action, with prejudice.

Dated: September 14, 2018       **DUANE MORRIS LLP**

By:/s/Aaron T. Winn
    Aaron T. Winn
    Justin J. Fields
    Attorneys for Defendant
    INVITATION HOMES, INC.