UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE RIVERA,

           Plaintiff,

    v.

INVITATION HOMES, INC.,

           Defendant.

Case No. 18-cv-03158-JSW

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 19

Now before the Court is the motion to dismiss filed by Defendant Invitation Homes, Inc. ("IH"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* Civil L.R. 7-1(b). For the reasons set forth below, the Court HEREBY GRANTS IH's motion to dismiss but affords Mr. Rivera leave to amend.

## BACKGROUND

On May 25, 2018, Mr. Rivera filed the above-captioned putative class action. After IH filed a motion to dismiss, Mr. Rivera filed the First Amended Complaint ("FAC"). In the FAC, Mr. Rivera alleges that he leased a home in Sylmar, California, and that the lease he signed contained a late rent penalty provision. (FAC ¶ 12.) Under this provision, a tenant would be charged $95 for late payment of rent. (*Id.*) Mr. Rivera was charged this late fee when he failed to pay his rent on time. (*Id.*) Mr. Rivera moved out of the home in February of 2018. (*Id.*)

Mr. Rivera seeks to assert his claims on behalf of two putative classes: (i) a "California Class," consisting of IH California tenants who were charged late fees; and (ii) a "Multi-State Class," consisting of all IH tenants who were charged late fees "in all states." (*Id.* ¶ 27.) Mr. Rivera brings six causes of action: (i) violations of California Civil Code section 1671(d); (ii)

United States District Court
Northern District of California

United States District Court
Northern District of California

1   violations of California Unfair Competition Law; (iii) violations of "Various States' Consumer

2   Protection Laws or Laws Outlawing Illegal Contractual Penalties;" (iv) unjust enrichment; (v)

3   declaratory relief; and (vi) "declaratory judgment of invalidity of the late rent penalties." Mr.

4   Rivera brings the first two causes of action on behalf of the California Class and the third through

5   sixth causes of action on behalf of the Multi-State Class.

6                                                **ANALYSIS**

7        **A.      Applicable Legal Standard.**

8            Article III of the Constitution requires that a plaintiff have standing to assert claims in

9   federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Challenges to Article III

10  standing implicate a court's subject matter jurisdiction and therefore are properly raised under

11  Federal Rule of Civil Procedure 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

12  "Federal courts are courts of limited jurisdiction," and "[i]t is to be presumed that a cause lies

13  outside this limited jurisdiction," unless otherwise shown. *Kokkonen v. Guardian Life Ins. Co. of*

14  *Am.*, 511 U.S. 375, 377 (1994). Where a challenge is to the plaintiff's standing as alleged in the

15  complaint, the Court looks only to the allegations in the complaint and assumes the allegations are

16  true. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). To establish standing, a plaintiff has

17  the burden to demonstrate (i) that he suffered an injury-in-fact (ii) which resulted from the

18  defendant's conduct and (iii) that a favorable ruling would redress the injury. *Id.*

19          A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6)

20  where the pleadings fail to state a claim upon which relief can be granted. "[A] plaintiff's

21  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

22  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

23  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). When considering a

24  motion to dismiss, a court construes the complaint in the light most favorable to the non-moving

25  party and accepts all material allegations in the complaint as true. *Sanders v. Kennedy*, 794 F.2d

26  478, 481 (9th Cir. 1986). A court's inquiry is confined to the allegations in the complaint. *Lazy Y*

27  *Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

28          //

                                                    2

United States District Court
Northern District of California

1

**B.     Standing.**

2          "[S]tanding is claim- and relief-specific:" a plaintiff must establish Article III standing for

3     each of his claims *and* for each form of relief he seeks.  *In re Carrier IQ Inc., Consumer Privacy*

4     *Litig.*, 78 F. Supp. 3d 1051, 1064-65 (N.D. Cal. 2015) (internal citations and quotations omitted).

5     In a class action, standing exists where at least one named plaintiff meets these requirements.

6     *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 865 (9th Cir. 2014).  To demonstrate

7     standing, the "named plaintiffs who represent a class must allege and show that they personally

8     have been injured, not that injury has been suffered by other, unidentified members of the class to

9     which they belong and which they purport to represent."  *Lewis v. Casey*, 518 U.S. 343, 347

10    (1996) (internal quotations omitted).  Moreover, at least one named plaintiff must have standing

11    with respect to each claim the class representatives seek to bring.  *In re Ditropan XL Antitrust*

12    *Litig.*, 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007).

13         IH argues that Claims Three through Six should be dismissed because Mr. Rivera, as a

14    California resident, lacks standing to bring causes of action based on violations of other states'

15    laws.  Mr. Rivera contends he has standing to bring claims based on state law in states where he

16    does not reside and that this Court's making a determination as to standing now, at the pleading

17    stage, is premature.  Whether Mr. Rivera can bring claims under the laws of other states, he

18    argues, is a question of predominance under Federal Rule of Civil Procedure 23.  The Court

19    disagrees with Mr. Rivera on both points.

20         The reasoning in *Carrier* is helpful.  In *Carrier*, the district court analyzed multiple cases

21    grappling with whether to address standing at the pleading stage or at class certification and noted

22    that "a number of courts, regardless of which analysis they have undertaken first, have couched

23    their decision as one of discretion" by using the words "allow," "can," and/or "may."  78 F. Supp.

24    3d at 1074 (citing cases).  The court therefore held that a district court has the discretion to decide

25    when to address a named plaintiff's standing.  Subsequent opinions within the Ninth Circuit have

26    embraced the discretionary rule.  *See, e.g., In re Anthem, Inc. Data Breach Litig.*, No. 15-md-

27    02617-LHK, 2016 WL 3029783, at *5 (N.D. Cal. May 27, 2016) (noting that, in exercising

28    discretion, a court should consider cost and burden of discovery, the breadth of the proposed class

3

1    or classes, and "whether a named plaintiff's claim is typical of individuals who claims arise under

2    the laws of other states").  This Court agrees with *Carrier*'s reasoning and holds that it has

3    discretion to decide whether to consider standing now, at the pleading stage, or later, at class

4    certification.

5           The cases Mr. Rivera cites to support his position that evaluating standing now is

6    premature are distinguishable.  First, *Langan v. Johnson & Johnson Consumer Companies, Inc.*,

7    897 F.3d 88, 93 (2d Cir. 2018) and *Morrison v. YTB Intern., Inc.*, 649 F.3d 533 (7th Cir. 2011) are

8    both persuasive, rather than binding, authority.  *See Walters v. Colvin*, 213 F. Supp. 3d 1223, 1229

9    (N.D. Cal. 2016) (opinions from other circuits not binding on this court).  Even as persuasive

10   texts, these opinions are of limited utility.  As IH correctly notes, a key difference between

11   *Morrison* and the above-captioned lawsuit is that, here, the question of standing is complicated by

12   Mr. Rivera's basing claims on the violation of laws of multiple states.  In *Morrison*, the named

13   plaintiffs asserted only a violation of a single claim under a state statute, and the named plaintiffs

14   were residents of that state.  649 F.3d at 534-35.  It is not clear at all that *Morrison* applies to cases

15   where named plaintiffs assert claims under the laws of states in which they do not reside and

16   where they suffered no injury.[1]  Further, no court in the Ninth Circuit has cited *Morrison* for the

17   proposition Mr. Rivera advocates.  *Langan* is more factually similar to the case at hand because it

18   involves a complaint alleging violations of multiple state laws, but, as with *Morrison*, no court in

19   the Ninth Circuit has cited *Langan* for the concept that consideration of standing in multi-state

20   putative class actions should be postponed until class certification.

21          Mr. Rivera next cites *Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015), but this case is

22   distinguishable as well.  *Melendres* was an appeal from a district court judgment (following a

23   bench trial) against Sheriff Joseph Arpaio and the Maricopa County Sheriff's Office, enjoining

24

25   _____

[1] The Seventh Circuit's treatment of this particular issue is not quite as clear-cut as IH suggests.
26   *See In re Herbal Supplements Mktg. & Sales Practices Litig.*, No. 15-cv-5070, 2017 WL 2215025,
     at *6 (N.D. Ill. May 19, 2017) (noting split among district courts in the Seventh Circuit, and
27   inconsistent results "around the country," as to whether standing of named plaintiff to raise claims
     under the laws of several states in which he is not a resident and has not suffered injury is an
28   appropriate question at motion to dismiss stage or is question of predominance appropriately
     addressed at class certification).

United States District Court
Northern District of California

1   them from making traffic stops based on a car occupant's race.  The injunction applied to stops

2   made during "saturation patrol" (when the defendant officers "saturated" a particular area for the

3   purpose of enforcing immigration laws) and "nonsaturation patrol." *Id.* at 1258-59.  In support of

4   their request to partially decertify the class, the defendants argued that the remaining named

5   plaintiffs, who were stopped during saturation patrols, lacked standing to bring constitutional

6   claims on behalf of class members stopped during nonsaturation patrols.  *Id.*  The Ninth Circuit

7   observed that the defendants' position conflated "standing" and "class certification:"

8   > *Standing* [emphasis in original] is meant to ensure that the injury a
9   > plaintiff suffers defines the scope of the controversy he or she is
10  > entitled to litigate.  *Class certification* [emphasis in original], on the
    > other hand, is meant to ensure that named plaintiffs are adequate
    > representatives of the unnamed class. . . .  The "standing approach"
11  > treats dissimilarities between the claims of the named and unnamed
    > plaintiffs as affecting the "standing" *of the named plaintiff to*
12  > *represent the class* [emphasis added].  In other words, if there is a
    > disjuncture between the injuries suffered by named and unnamed
13  > plaintiffs, courts applying the standing approach *would say the*
    > *disjuncture deprived the named plaintiff of standing to obtain relief*
    > *for the unnamed class members* [emphasis added].  The "class
14  > certification approach," on the other hand, *holds that once the named*
    > *plaintiff demonstrates her individual standing to bring a claim,*
15  > [emphasis added] the standing injury is concluded, and the court
    > proceeds to consider whether the Rule 23(a) prerequisites for class
16  > certification have been met.

17  *Id.* at 1261-62 (emphasis noted where original and where added).  Having clarified the concerns

18  unique to each approach, the Ninth Circuit declined to decertify the class, ruling that "[u]nder the

19  class certification approach, or the standing approach for that matter," the named plaintiffs were

20  "adequate [class] representatives."  *Id.* at 1263.

21        In the Court's view, *Melendres* does not require this Court to postpone its standing

22  analysis.  The question before this Court is different from the question before the Ninth Circuit.  In

23  *Melendres*, the Ninth Circuit addressed only the named plaintiffs' ability to represent the class.

24  Here, even though the case at hand is a putative class action, the Court is called upon to examine a

25  plaintiff's standing to bring certain claims, not standing "to obtain relief for unnamed class

26  members."  *See id.* at 1261-62.  Further, unlike the instant case, *Melendres* does not confront a

27  situation where a named plaintiff attempts to bring claims under the laws of multiple states where

28  he does not reside and where he was not injured; in that case, all putative class members were

1    alleged to have suffered the same constitutional injury.

2           This Court understands the Ninth Circuit's analysis regarding the tensions between class

3    certification and standing concerns to in large part constitute a discourse on the proper

4    classification of the defendants' argument in support of class decertification. *See id.* at 1261-62

5    ("[Defendants] ask us to decertify partially the class and vacate the injunction [because no named

6    plaintiff has standing to assert nonsaturation patrol claims]. . . .  The difficulty with [their]

7    argument is that it conflates standing and class certification.").[2]  It is therefore unsurprising that

8    *Melendres* says nothing about a district court's discretion to make determinations of standing in a

9    putative class action at the pleading stage.  *See, e.g., B.K. by next friend Tinsley v. Snyder*, 922

10   F.3d 957, 966–67 (9th Cir. 2019) (applying *Melendres* on interlocutory appeal from class

11   certification).  Finally, tellingly, though the Ninth Circuit decided *Melendres* four years ago, Mr.

12   Rivera has pointed to no case that applies *Melendres* to multi-state claim putative class actions like

13   the above-captioned matter.

14          Moreover, in *Melendres*'s wake, multiple opinions issuing from district courts in the Ninth

15   Circuit have exercised their discretion at the pleading stage of a putative class action to dismiss out

16   of state claims based on a named plaintiff's standing.  *See e.g.*, *Van Mourik v. Big Heart Pet*

17   *Brands, Inc.*, No. 17-cv-3889-JD, 2018 WL 1116715, at *1-2 (N.D. Cal. March 1, 2018) ("District

18   courts in our circuit have dismissed state law class claims for lack of standing before the class

19   certification stage where no named plaintiff resides in or otherwise interacted with the state.").

20   This further confirms to the Court that *Melendres* does not displace the Court's discretion to

21   evaluate standing at the pleading stage.

22          Having determined that it has the discretion to consider standing at this stage, and given

23   the circumstances of this case, the Court concludes both that it is appropriate to resolve standing at

24   the pleading stage, rather than later at class certification, and that Mr. Rivera lacks standing to

25   bring claims under the laws of other states.

26

27   _____
     [2] Further, the Ninth Circuit's determination was ultimately inconsequential to the outcome.  The
28   Ninth Circuit held that that the named plaintiffs were adequate class representatives under either
     approach.  *Id.* at 1263.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Courts in the Ninth Circuit have consistently held that a plaintiff in a putative class action

2    lacks standing to assert claims under the laws of states other than where the plaintiff resides or was

3    injured.  *E.g.*, *Van Mourik*, 2018 WL 1116715, at *1-2 (holding named plaintiff and resident of

4    Texas lacked standing to bring claims under California law where she did not reside in California

5    and did not suffer injury there); *Corcoran v. CVS Health Corp., Inc.*, 15-cv-3504-YGR, 2016 WL

6    4080124, at *2-3 (N.D. Cal. July 29, 2016) (holding plaintiffs lacked standing to bring common

7    law claims under the laws of the thirty-eight states "to which they have alleged no connection");

8    *Pardini v. Unilever United States, Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013) (holding

9    plaintiff "does not have standing to assert a claim under the consumer protection laws" of states

10   other than state where plaintiff purchased the product-at-issue); *In re Flash Memory Antitrust*

11   *Litig.*, 643 F. Supp. 2d 1133, 1163-64 (N.D. Cal. 2009) ("Where, as here, a representative plaintiff

12   is lacking for a particular state, all claims based on that state's laws are subject to dismissal.").

13   Mr. Rivera is a resident of California who purports to bring claims under the laws of California

14   and the laws of Georgia, North Carolina, Illinois, Texas, Colorado, Florida, Nevada, Minnesota,

15   Tennessee, Arizona, and Washington.  (FAC ¶ 52.)  Mr. Rivera does not allege that he resided in

16   or was injured in these additional states.  *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978

17   (9th Cir. 2011) (sole proposed class representative has burden of showing Article III standing

18   exists).  Mr. Rivera therefore lacks standing to bring Causes of Action Three through Six.  The

19   Court declines to postpone this consideration until class certification because the Court has serious

20   reservations about subjecting IH to discovery in these additional states before Mr. Rivera first

21   secures "actual plaintiffs who clearly have standing and are willing and able to assert claims under

22   these state laws."  *See Carrier*, 78 F. Supp. 3d at 1074.

23   Accordingly, the Court dismisses for lack of standing the Third through Sixth Causes of

24   Action.[3]

25   _____

26   [3]Because Mr. Rivera lacks standing to bring the Third through Sixth Causes of Action, and
     because Mr. Rivera does not oppose the motion to dismiss the Fifth and Sixth Causes of Action,

27   the Court declines to address IH's substantive arguments attacking the Third through Sixth Causes
     of Action.

28

United States District Court
Northern District of California

C.      **Unfair Competition.**

Under California's unfair competition law ("UCL"), a plaintiff may bring three distinct causes of action for (i) unlawful, (ii) unfair, or (iii) fraudulent business practices.  Cal Bus. & Prof. Code § 17200; *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999).  Here, the FAC asserts claims under UCL's unlawful and unfair prongs.  IH challenges only the sufficiency of the allegations concerning "unfair" business practices.

Courts apply varying pleading requirements to the unfair prong of the UCL claim.  Some courts apply a balancing test and require a plaintiff to allege facts that show that the harm to consumers outweighs the utility of a particular business practice.  *Burdt v. Whirlpool Corp.*, No. 15-cv-1563-JSW, 2015 WL 4647929, at *7  (N.D. Cal. Aug. 5, 2015).  Other courts look for allegations that "show a practice violates public policy as declared by specific constitutional, statutory, or regulatory provisions."  *Id.*

Here, almost all of Mr. Rivera's allegations supporting his UCL claim concern the ways in which IH's alleged violation of California Civil Code section 1671(d) gives rise to an "unlawful" UCL claim.  The allegations specific to an "unfair" UCL violation are vague and conclusory.  (*See* FAC ¶ 43 (IH's business practices "offend established public policies" and are "immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers")).  As such, the FAC contains insufficient factual allegations to allow the Court to apply either of the "unfair" UCL tests described above.  *See Twombly*, 550 U.S. at 555.  The Court therefore dismisses Mr. Rivera's "unfair" UCL claim.

## CONCLUSION

For the reasons explained above, the Court HEREBY GRANTS IH's motion to dismiss, but affords Mr. Rivera leave to amend in order to address the deficiencies discussed above.  Mr. Rivera's amended complaint is due no later than July 19, 2019.

**IT IS SO ORDERED.**

Dated: June 19, 2019

_____

JEFFREY S. WHITE
United States District Judge

8