1  Aaron T. Winn (SBN 229763)
   **DUANE MORRIS LLP**
2  750 B Street, Suite 2900
   San Diego, CA 92101-4681
3  Telephone: +1 619 744 2200
   Fax: +1 619 744 2201
4  E-mail:  atwinn@duanemorris.com

5  Justin J. Fields (SBN 259491)
   **DUANE MORRIS LLP**
6  One Market, Spear Tower, Suite 2200
   San Francisco, CA 94105-1127
7  Telephone: +1 415 957 3000
   Fax: +1 415 957 3001
8  E-mail:  jfields@duanemorris.com

9  Attorneys for Defendant
   INVITATION HOMES, INC.

10

11           **IN THE UNITED STATES DISTRICT COURT**

12        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13                      **OAKLAND DIVISION**

14

15  JOSE RIVERA, individually and on behalf of    Case No.: 4:18-cv-03158-JSW
16  others similarly situated,
                                                  **DEFENDANT INVITATION**
17                          Plaintiff,            **HOMES, INC.'S OPPOSITION TO**
                                                  **MOTION FOR LEAVE TO FILE**
18           v.                                   *AMICUS CURIAE* **BRIEF**
                                                  **[ECF NO. 49]**
19  INVITATION HOMES, INC. a Maryland
    corporation,                                  Date:          November 20, 2020
20                                                Time:          9:00 a.m.
                            Defendant.            Courtroom:     5
21
22                                                Judge:          Jeffrey S. White
                                                  Complaint Filed: May 25, 2018
23

24

25

26

27

28

                                    1

## I.   INTRODUCTION

In February 2020, Edward Tidwell, who has never even signed a lease agreement with Invitation Homes, sued Invitation Homes and ten other defendants for a hodgepodge of incomprehensible claims.  (*See* Request for Judicial Notice ("RJN"), Ex. A, Complaint in *Tidwell v. CSHP One LP, et al.*, Case No. 3:20-cv-01368-VC, N.D.Cal., filed Feb. 24, 2020 (the "Tidwell Action")).

On July 17, 2020, the district court dismissed the Tidwell Action with prejudice, noting that district courts have an obligation to dismiss frivolous lawsuits. (*See* RJN, Ex. B, 7/17/2020 Order in the Tidwell Action.)

Now, Tidwell seeks to continue his frivolous litigation by trying to intervene in this action as a putative "friend of the court."  Tidwell is anything but a friend of the Court.  In fact, Tidwell's tendency to clog the court with untenable motions caused the Ninth Circuit to take the extraordinary step of issuing an order barring Tidwell from filing certain additional motions in connection with his pending appeal. (RJN, Ex. C, 9/18/2020 Ninth Circuit Order in the Tidwell Action.)

Tidwell appears to be adopting the same strategy here.  Already, he's attempted to file several documents with the Court and apparently wishes to conduct discovery and take depositions in this case.  Yet he does not represent an organization with any interest in the litigation, he does not explain why Plaintiffs—who are already represented by counsel—need Tidwell's assistance, and his disjointed brief is neither timely nor useful.  In short, Tidwell does not have any of the hallmarks of a viable amicus and the Court should deny Tidwell's motion and bar him from making any further filings in this action.

## II.   BACKGROUND

### A.   The Tidwell Action.

On February 24, 2020, Tidwell sued eleven defendants, including Invitation Homes, Inc., in the United States District Court for the Northern District of California, *Tidwell v. CSHP One LP, et al.*, Case No. 3:20-cv-01368-VC. (RJN, Ex. A, ECF No. 1 in

2

the Tidwell Action.)  Tidwell, the only plaintiff, originally asserted claims for

(1) alleged violation of California's Unfair Competition Law, (2) alleged "violation of

Civil Rights and violation of Americans with Disability Act Interference by Threat,

Intimidation or Coercion," (3) unjust enrichment, (4) equitable tolling, (5) injunctive

relief, and (6) declaratory relief.

On July 17, 2020, the district court issued an order dismissing Tidwell's case

with prejudice. The order summarizes Tidwell's claim, the procedural history of the

case, and the reasons for the dismissal with prejudice:

> The lawsuit appears to arise from a housing dispute: Tidwell alleges that the defendants filed an unlawful detainer action against his ex-wife, daughter, and son. He also alleges that a lease agreement that his ex-wife and son signed was defective. Tidwell is the only plaintiff in this case, and he was not a party to the lease or to the unlawful detainer action.

> Tidwell's first complaint was dismissed for lack of jurisdiction and for failure to state a claim. He was granted leave to amend and was referred to the Northern District of California's Legal Help Center. He filed an amended complaint alleging violations of the ADA, the Unruh Act, and Sections 1 and 7 of the California Constitution [fn.] The amended complaint is difficult to parse, but it does not contain any material facts beyond those he included in the first dismissed complained. Even taking the allegations of both complaints together, Tidwell has failed to state a claim under any of the laws he cites.

> The Court is under an obligation to dismiss this case 'at any time' if it determines that the action is frivolous. See 28 U.S.C. § 1915(e)(2). Tidwell has repeatedly failed to allege facts giving rise to a cognizable claim. (And the case, moreover, appears to concern a dispute that does not involve him.) Because Tidwell cannot state a plausible basis for relief, this case is dismissed with prejudice.

(RJN, Ex. B, ECF No. 59 in the Tidwell Action.)

After dismissing the complaint, the district court entered judgment in favor of

the defendants. (ECF No. 60 in the Tidwell Action.)

Tidwell appealed.  He then filed with the Ninth Circuit a motion to appoint

counsel and a "motion for order and/or judgment re summary judgment."  (App. ECF

Nos. 4 and 5.)  On September 18, 2020, the Ninth Circuit denied Tidwell's motion for

summary disposition and motion for appointment of counsel.  (RJN, Ex. C, 9/18/2020

OPPOSITION TO MOTION FOR ORDER RE: LEAVE TO FILE
AMICUS CURIAE BRIEF

CASE NO:  4:18-CV-03158-JSW

1    Ninth Circuit Order.)  It also ordered that "[n]o motions for reconsideration,

2    clarification, or modification of this denial shall be filed or entertained."  (*Id.*)

3        **B.    The Present Action: *Rivera, et al. v. Invitation Homes.***

4        The instant lawsuit was filed on May 25, 2018. (ECF No. 1.) The central issue in

5    this case is the enforceability of the late fee Invitation Homes charges to tenants who

6    fail to pay rent on time.

7        **C.    Tidwell's Motion for Leave to File an Amicus Brief.**

8        On October 13, 2020, Tidwell filed a motion for leave to file an amicus brief.

9    (ECF No. 49.) He purports to represent the Plaintiffs' interests, and refers to himself in

10   the caption as "Pro Se Amici on behalf of Plaintiffs Class Jose Rivera and Francine

11   McCumber for themselves and on behalf of all others similarly situated." (*Id.*, at 1.)

12       Though difficult to follow, Tidwell makes it clear that he does not like Invitation

13   Homes. (See e.g. ECF No. 49, at 4:16-23.) He accuses Invitation Homes of not properly

14   conducting business in California (*id.*, at 5:1-19), repeats allegations from the Tidwell

15   Action (which was dismissed with prejudice) (*id.*, at 10: 6-11:16), and argues that

16   Invitation Homes is actually based in Arizona (*id.,* at 8:8-9). Because none of these

17   ramblings are helpful, Invitation Homes opposes Tidwell's motion for leave to file

18   this—or any other—amicus brief in this action.

19       Tidwell's Proposed Order on his Motion, which he provided on October 26, makes

20   his improper intentions even more clear.  Among other inappropriate requests, his

21   Proposed Order states that Tidwell "may exercise all legal rights and privileges to

22   demand production of documents, take depositions, or otherwise as prescribed by law."

23   (Proposed Order, at 2:27-3:2.)  His Proposed Order also includes a discovery order

24   compelling Invitation Homes to produce "front and back copies of all cancelled Money

25   Orders and Cashier's Checks dated from September 1, 2013 to August 8, 2019"

26   identified in his Notice of Errata.  (Proposed Order, at 3:3-6.)  In short, now that his

27   own lawsuit has been dismissed, Tidwell seeks to interject himself into this lawsuit so

28   that he can continue to pursue his personal vendetta against Invitation Homes.

4

1

### III.   LEGAL STANDARD

2       "[T]he consideration of an amicus brief is solely within the discretion of the court

3 and is seldom appropriate at the level of the trial level where the parties are

4 adequately represented by experienced counsel." *ForestKeeeper v. Elliott,* 50 F.Supp.3d

5 1371, 1380 (E.D. Cal. 2014) (citing *Ryan v. CFTC,* 125 F.3d 1062, 1063 (7th Cir. 1997)).

6       A "district court must keep in mind the differences between the trial and

7 appellate court forums in determining whether it is appropriate to allow an *amicus*

8 *curiae* to participate. Chief among those differences is that a district court resolves fact

9 issues." *Sierra Club v. Federal Emergency Management Agency,* Civil Action No. H-07-

10 0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007) (citing *Leigh v. Engle,* 535

11 F.Supp. 418, 422 (N.D.Ill. 1982)).   "[A]n *amicus* who argues facts should rarely be

12 welcomed." *Strasser v. Doorley, et al.,* 432 F.2d 567, 569 (1st Cir. 1970).

13       Factors district courts consider in admitting or denying the presence of an

14 *amicus curiae* include: (1) "whether the information offered through the *amicus* brief is

15 'timely and useful'"; and (2) "whether the individual or organization seeking to file

16 the *amicus* brief is an advocate for one of the parties."   *See Sierra Club,* 2007 WL

17 3472851, at *2 (internal citations omitted).

18       The "classic role" of *amicus curiae* has been to "assist[] in a case of general public

19 interest, supplementing the efforts of counsel, and drawing the court's attention to law

20 that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. State of*

21 *Mont.,* 694 F.2d 203, 204 (9th Cir. 1982).   There are no strict prerequisites to qualify as

22 amici, although amicus must "'make a showing that his participation is useful to or

23 otherwise desirable to the court.'" *In re Roxford Foods Litig.,* 790 F.Supp. 987, 997

24 (E.D. Cal. 1991).

25 ### IV.   ANALYSIS

26       The principal issue in this case is whether Invitation Homes' late fees charged

27 for the untimely payment of rent are valid liquidated damages.   Tidwell raises

28 unsubstantiated accusations about the Company's business and predecessor entities

5

irrelevant to the merits of the case, including raising issues from his prior complaint that was dismissed with prejudice.

For myriad reasons, he has none of the hallmarks of an *amicus curiae*.

*First*, Plaintiffs are already represented by experienced counsel, who do not need Tidwell's involvement to prosecute this lawsuit. *ForestKeeper*, 50 F.Supp.3d at 1380. Indeed, they have done so for more than two years. To that end, Tidwell's participation is not necessary and his request is untimely. *Sierra Club,* 2007 WL 3472851, at *2.

*Second*, Tidwell is completely partial, acknowledging that he would like to participate on behalf of the Plaintiffs. The Tidwell Action also evidences his adversity towards Invitation Homes. *Sierra Club,* 2007 WL 3472851, at *2 (denying motion to file an amicus brief in light of the movant's partisanship and the fact that it would bring no greater technical or legal expertise than the parties).

His Proposed Order on the Motion confirms that he intends to behave like a party and not a "friend of the court," presumably to pursue his personal agenda now that he has no forum in the Tidwell Action. His "admission" to the present lawsuit would be an unhelpful distraction for the parties and the Court. His "supplemental" papers served October 26, coupled with his filings in the Tidwell Action, show that Tidwell would clog this court with unnecessary and unwanted filings if given leave to participate or make additional filings in this action

*Third*, this dispute is at the district court level and the case is not even at issue. There is no demonstrated need for *amicus curiae*. *ForestKeeeper,* 50 F.Supp.3d at 1380 (E.D. Cal. 2014) (denying motion to appear as amicus curiae at trial court level where proposed brief did not contain material useful to the court or that was not adequately set forth by the parties).

*Fourth*, Tidwell focuses on purported factual arguments or references to documents, which are not traditionally the province of amicus briefs. He adds no new, helpful, or necessary legal dimensions to the case. *Strasser,* 432 F.2d at 569 (recognizing an amicus who "argues facts should rarely be welcomed" and that courts

6

should "go slow in accepting, and even slower in inviting, an amicus brief" unless the amicus has a special interest or existing counsel need assistance).

*Finally*, Tidwell only filed his motion for leave to submit an amicus brief after his lawsuit against Invitation Homes was dismissed with prejudice.  He has continued to file various motions in the Tidwell Action at the appellate level, including a motion for summary disposition/judgment, which the Ninth Circuit denied.  This pattern of unmeritorious or improper filings, coupled with his demonstrated adversity towards Invitation Homes, suggests that his participation in this case would distract rather than help.  *In re Roxford Foods Litig.*, 790 F.Supp. at 997 (*amicus curiae* must be useful or otherwise desirable to the court).

## V.    CONCLUSION

Invitation Homes respectfully requests an order (1) denying Tidwell's motion and (2) precluding him from making further filings in this action.

Dated:  October 27, 2020                      DUANE MORRIS LLP


                                              By:/s/Aaron T. Winn
                                                 Aaron T. Winn
                                                 Attorneys for Defendant
                                                 INVITATION HOMES, INC.