Aaron T. Winn (SBN 229763)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: +1 619 744 2200
Fax: +1 619 744 2201
E-mail:  atwinn@duanemorris.com

Justin J. Fields (SBN 259491)
**DUANE MORRIS LLP**
Suite 2200
One Market, Spear Tower
San Francisco, CA 94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001
E-mail:  jfields@duanemorris.com

Attorneys for Defendant
INVITATION HOMES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| JOSE RIVERA, individually and on behalf of others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>INVITATION HOMES, INC. a Maryland corporation,<br><br>　　　　　　Defendant. | Case No.: 4:18-cv-03158-JSW<br><br>**[PROPOSED] ORDER DENYING MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF [ECF NO. 49]**<br><br>Date:　　　　November 20, 2020<br>Time:　　　　9:00 a.m.<br>Courtroom:　　5<br><br>Judge:　　　　Jeffrey S. White<br>Complaint Filed: May 25, 2018 |

## I. INTRODUCTION

Edward Tidwell ("Tidwell") seeks leave to file an amicus brief in the instant lawsuit. For the reasons given below, the motion is DENIED.

## II. BACKGROUND

### A. The Tidwell Action.

On February 24, 2020, Tidwell sued eleven defendants, including Invitation Homes, Inc., in the United States District Court for the Northern District of California, *Tidwell v. CSHP One LP, et al.*, Case No. 3:20-cv-01368-VC. (ECF No. 1 in the "Tidwell Action.") Tidwell, the only plaintiff, originally asserted claims for (1) alleged violation of California's Unfair Competition Law, (2) alleged "violation of Civil Rights and violation of Americans with Disability Act Interference by Threat, Intimidation or Coercion," (3) unjust enrichment, (4) equitable tolling, (5) injunctive relief, and (6) declaratory relief.

On July 17, 2020, the district court issued an order dismissing Tidwell's case with prejudice. The order concisely summarizes Tidwell's claim, the procedural history of the case, and the reasons for the dismissal with prejudice:

> The lawsuit appears to arise from a housing dispute: Tidwell alleges that the defendants filed an unlawful detainer action against his ex-wife, daughter, and son. He also alleges that a lease agreement that his ex-wife and son signed was defective. Tidwell is the only plaintiff in this case, and he was not a party to the lease or to the unlawful detainer action.
>
> Tidwell's first complaint was dismissed for lack of jurisdiction and for failure to state a claim. He was granted leave to amend and was referred to the Northern District of California's Legal Help Center. He filed an amended complaint alleging violations of the ADA, the Unruh Act, and Sections 1 and 7 of the California Constitution [fn.] The amended complaint is difficult to parse, but it does not contain any material facts beyond those he included in the first dismissed complained. Even taking the allegations of both complaints together, Tidwell has failed to state a claim under any of the laws he cites.
>
> The Court is under an obligation to dismiss this case 'at any time' if it determines that the action is frivolous. See 28 U.S.C. § 1915(e)(2). Tidwell has repeatedly failed to allege facts giving rise to a cognizable claim. (And the case, moreover, appears to concern a dispute that does not involve him.) Because Tidwell cannot state a plausible basis for relief, this case is dismissed with prejudice.

1

(ECF No. 59 in the Tidwell Action.)

With the case dismissed, the district court entered judgment in favor of the defendants on July 17, 2020. (ECF No. 60 in the Tidwell Action.)

Tidwell appealed. He then filed a motion to appoint counsel and a "motion for order and/or judgment re summary judgment." (App. ECF Nos. 4 and 5.) By order dated September 18, 2020, the Ninth Circuit denied Tidwell's motion for summary disposition and motion for appointment of counsel. (9/18/2020 Ninth Circuit Order.) The Ninth Circuit further ordered that "[n]o motions for reconsideration, clarification, or modification of this denial shall be filed or entertained." (*Id.*)

### B. The Present Action: *Rivera, et al. v. Invitation Homes.*

The instant lawsuit was filed on May 25, 2018, more than two years ago. (ECF No. 1.)

### C. Tidwell's Motion for Leave to File an Amicus Brief.

On October 13, 2020, Tidwell filed a motion for leave to file an amicus brief. (ECF No. 49.) He refers to himself in the caption as "Pro Se Amici on behalf of Plaintiffs Class Jose Rivera and Francine McCumber for themselves and on behalf of all others similarly situated." (*Id.*, at 1.) Tidwell accuses Invitation Homes of not properly conducting business in California (*id.*, at 5:1-19), describes allegations from the Tidwell Action that was dismissed with prejudice (*id.*, at 10: 6-11:16), and argues that Invitation Homes is actually based in Arizona (*id.,* at 8:8-9).

## III. LEGAL STANDARD

"[T]he consideration of an amicus brief is solely within the discretion of the court and is seldom appropriate at the level of the trial level where the parties are adequately represented by experienced counsel." *ForestKeeeper v. Elliott,* 50 F.Supp.3d 1371, 1380 (E.D. Cal. 2014) (citing *Ryan v. CFTC,* 125 F.3d 1062, 1063 (7th Cir. 1997)).

A "district court must keep in mind the differences between the trial and appellate court forums in determining whether it is appropriate to allow an *amicus curiae* to participate. Chief among those differences is that a district court resolves fact

2

[PROPOSED] ORDER DENYING MOTION FOR ORDER RE: LEAVE TO FILE   CASE NO: 4:18-CV-03158-JSW
AMICUS CURIAE BRIEF [ECF NO. 49]

issues." *Sierra Club v. Federal Emergency Management Agency,* Civil Action No. H-07-0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007) (citing *Leigh v. Engle,* 535 F.Supp. 418, 422 (N.D.Ill. 1982)). "[A]n *amicus* who argues facts should rarely be welcomed." *Strasser v. Doorley, et al.,* 432 F.2d 567, 569 (1st Cir. 1970).

Factors district courts consider in admitting or denying the presence of an *amicus curiae* include: (1) "whether the information offered through the *amicus* brief is 'timely and useful'"; and (2) "whether the individual or organization seeking to file the *amicus* brief is an advocate for one of the parties." *See Sierra Club,* 2007 WL 3472851, at *2 (internal citations omitted).

The "classic role" of *amicus curiae* has been to "assist[] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. State of Mont.,* 694 F.2d 203, 204 (9th Cir. 1982). There are no strict prerequisites to qualify as amici, although amicus must "'make a showing that his participation is useful to or otherwise desirable to the court.'" *In re Roxford Foods Litig.,* 790 F.Supp. 987, 997 (E.D. Cal. 1991).

## IV. ANALYSIS

The principal issue in this case is whether Invitation Homes' late fees charged for the untimely payment of rent are valid liquidated damages. Tidwell raises unsubstantiated accusations about the Company's business and predecessor entities irrelevant to the merits of the case, including raising issues from his prior complaint that was dismissed with prejudice.

For myriad reasons, he has none of the hallmarks of an *amicus curiae*.

First, Plaintiffs are already represented by experienced counsel, and there is no evidence that they need Tidwell's involvement to prosecute this lawsuit. *ForestKeeper*, 50 F.Supp.3d at 1380. Indeed, they have prosecuted this action for more than two years without his involvement. To that end, Tidwell's participation is not necessary and his request is untimely. *Sierra Club,* 2007 WL 3472851, at *2

<u>Second</u>, Tidwell is admittedly partial, acknowledging that he would like to participate on behalf of the Plaintiffs. The Tidwell Action also evidences his adversity towards Invitation Homes. *Sierra Club,* 2007 WL 3472851, at *2 (denying motion to file an amicus brief in light of the movant's partisanship and the fact that it would bring no greater technical or legal expertise than the parties).

<u>Third</u>, this dispute is at the district court level and the case is not even at issue. There is no demonstrated need for *amicus curiae*. *ForestKeeeper,* 50 F.Supp.3d at 1380 (E.D. Cal. 2014) (denying motion to appear as amicus curiae at trial court level where proposed brief did not contain material useful to the court or that was not adequately set forth by the parties).

<u>Fourth</u>, Tidwell focuses on purported factual arguments or references to documents, which are not traditionally the province of amicus briefs. He adds no new, helpful, or necessary legal dimensions to the case. *Strasser,* 432 F.2d at 569 (recognizing an amicus who "argues facts should rarely be welcomed" and that courts should "go slow in accepting, and even slower in inviting, an amicus brief" unless the amicus has a special interest or existing counsel need assistance).

<u>Finally</u>, Tidwell only filed his motion for leave to submit an amicus brief after his lawsuit against Invitation Homes was dismissed with prejudice. He has continued to file various motions in the Tidwell Action at the appellate level, including a motion for summary disposition/judgment, which the Ninth Circuit denied. This pattern of unmeritorious or improper filings, coupled with his demonstrated adversity towards Invitation Homes, suggests that his participation in this case would distract rather than help. *In re Roxford Foods Litig.*, 790 F.Supp. at 997 (*amicus curiae* must be useful or otherwise desirable to the court).

## V.   CONCLUSION

Tidwell's motion for leave to file an amicus brief is DENIED. Tidwell shall not make any further filings in this action.

4

IT IS SO ORDERED.

Dated: _____   _____
Honorable Jeffrey S. White
Judge of the District Court