UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RIVERA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>INVITATION HOMES, INC.,<br><br>    Defendant. | Case No. 18-cv-03158-JSW<br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION AND DISMISSING ACTION; REQUIRING RESPONSE REGARDING SEALING**<br><br>Re: Dkt. No. 63 |

Now before the Court for consideration is the motion for class certification filed by Plaintiff Jose Rivera ("Plaintiff" or "Rivera"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds this case suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for February 25, 2022. For the following reasons, the Court DENIES Plaintiff's motion for class certification and DISMISSES this action.

**BACKGROUND**

**A.  Procedural Background**

Plaintiff originally filed this putative class action on May 25, 2018, alleging that the late fees imposed by Defendant Invitation Homes ("Defendant" or "Invitation Homes") pursuant to its uniform lease agreement violate California Civil Code section 1671, California's Unfair Competition Law, and the consumer protection laws of several other states. Defendant moved to dismiss, and Plaintiff filed a First Amended Complaint in response. (Dkt. No. 18.) Defendant again moved to dismiss. (Dkt. No. 19.) The Court granted Defendant's motion to dismiss with leave to amend. (Dkt. No. 30.)

On July 19, 2019, Rivera filed a Second Amended Complaint ("SAC"), which again

challenged Invitation Homes' purportedly unlawful $95 late fee but added several out-of-state plaintiffs. (*See* Dkt. No. 31.) Defendant again moved to dismiss, arguing that there was no personal jurisdiction over Invitation Homes in California for the non-California claims and that Plaintiff's UCL "unfair" claim was still deficient. (Dkt. No. 34.)

In its opposition to Defendant's motion to dismiss the SAC, Plaintiff argued that Invitation Homes should be subject to general jurisdiction in California because of its predecessor entities' purported connections with California. (*See* Dkt. No. 39.) The Court rejected Plaintiff's argument and his attempt to pursue a theory of successor liability finding that "the SAC does not allege successor liability" and "makes only a passing reference to the existence" of the predecessor entities. (Dkt. No. 56, MTD Order at 7.) The Court granted Defendant's motion to dismiss without leave to amend, with the exception of Rivera's unjust enrichment claim. Plaintiff filed the operative Third Amended Complaint ("TAC") on January 29, 2021. (Dkt. No. 60.)

On October 29, 2021, Plaintiff filed the present motion seeking to certify a class under Federal Rule of Civil Procedure 23(a) and 23(b)(3), or, in the alternative, to certify the issue of whether Defendant and/or its predecessors' late fees charged violate Section 1671(d) under Rule 23(c)(4). Plaintiff seeks to certify a class defined as: All of Defendant's and its predecessor entities' California tenants who were charged penalties or fees for paying rent deemed as late or deficient between May 25, 2014, and the date of class certification.

**B.     Defendant Invitation Homes.**

Defendant Invitation Homes owns, leases, and manages rental homes across the country. (TAC ¶ 3.) Plaintiff alleges that a series of mergers and acquisitions led to present day entity that is Invitation Homes, the "current defendant." (TAC ¶ 9.) Specifically, Plaintiff alleges that:

> Invitation Homes was once privately held by New York's Blackstone Group. Blackstone took Invitation Homes public in February 2017. By that time, another large home rental firm—Waypoint Homes—had already merged with another –Colony Starwood—in 2016. Then Invitation merged with Waypoint Homes in November 2017 to create the current defendant: Invitation Homes, Inc. (NYSE: INVH).

(*Id*.; *see also* SAC ¶ 19, FAC ¶ 9.)

Invitation Homes began implementing a standardized national lease with a $95 late fee for

its California properties in August 2018. (Dkt. 68-2, Declaration of Marnie Vaughn ("Vaughn Decl.") ¶ 3; Ex. 1.)

### C.  Plaintiff's Experience.

In November 2013, Rivera signed a lease agreement with Colony American Homes to rent a home in Sylmar, California. (Dkt. 63-5, Declaration of Jose Rivera ("Rivera Decl.") ¶ 2, Exs. 1-2; Vaughn Decl. ¶ 7.) The lease agreement contained a late fee provision, which obligated Rivera to pay a $50 late fee if rent was not timely received. (Rivera Decl., Ex. A.) The record shows that Rivera incurred several $50 late fees between January 1, 2014, and April 4, 2016, during the time he was renting the Sylmar property from Colony American Homes. (*Id.* ¶ 5, Ex. 4 ("Resident Ledger") at IH00069-72.)[1]

In March 2016, Rivera signed a new lease agreement for the Sylmar property with Waypoint Homes. The term of the lease was from April 2016 through April 2017, and the lease agreement included a $95 late fee provision. (Rivera Decl., ¶ 4, Ex. 3.) During the term of this lease with Waypoint Homes, Rivera incurred several $95 late fees. (Resident Ledger at IH00072-73.) Rivera last paid a late fee around February 2017. (*Id.* at IH00073.) Rivera was last charged a late fee on April 6, 2017, but that fee was reversed and never paid. (Vaughn Decl. ¶ 9; Ex. 4 at IH00074.) On April 17, 2017, Waypoint Homes served Rivera with a Notice of Non-Renewal of Lease with respect to the Sylmar property. (*Id.* ¶ 8, Ex. 3.) Rivera moved out of the home in early 2018. (Rivera Decl. ¶ 6; Vaughn Decl., Ex. 4 at IH00074.)

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

### A.  Applicable Legal Standard.

Class certification is governed by Federal Rule of Civil Procedure 23. Under Rule 23(a), a court may certify a class only if (i) the class is so numerous that joinder of all members is impracticable, (ii) there are questions of law or fact common to the class, (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (iv) the

---

[1] In 2014, Colony American Homes sued Rivera for possession of the Sylmar rental property and unpaid rent. (Vaughn Decl., ¶ 7, Ex. 2.)

1  representative parties will fairly and adequately protect the interests of the class.

2  Under Rule 23(b), a class action may be maintained if Rule 23(a) is satisfied *and* if: (i)
3  separate actions by or against individual class members would risk: (a) inconsistent results with
4  respect to individual class members that would impose inconsistent requirements on the defendant,
5  or (b) results for individual class members dispositive of other members' interests or which would
6  substantially impair or impede class members' ability to protect their interests; (ii) the party
7  opposing the class has acted on grounds that apply generally to the class, so that declaratory relief
8  is appropriate; or (iii) the court finds that the questions of law or fact common to class members
9  predominate over any questions affecting only individual members and that a class action is
10 superior to other available methods for fairly and efficiently adjudicating the controversy.

11 A party seeking to certify a class must "affirmatively demonstrate" compliance with Rule
12 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis in original). A court
13 must conduct a "rigorous analysis" of the Rule 23 factors, which necessarily entails "some overlap
14 with the merits of the plaintiff's underlying claim." *Id.* at 351. However, a court may consider
15 merits questions only to the extent such questions are relevant to determining whether the moving
16 party has met its burden to satisfy the Rule 23 prerequisites. *Amgen Inc. v. Conn. Ret. Plans &
17 Tr. Funds*, 568 U.S. 455, 466 (2013). The decision to grant or deny class certification is within
18 the trial court's discretion. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010).

19 As the moving party, Plaintiff bears the burden to show they meet each of Rule 23(a)'s
20 requirements and that they meet at least one requirement under Rule 23(b). *Lozano v. AT&T
21 Wireless Servs., Inc.*, 504 F.3d 718, 724 (9th Cir. 2007).

**B.   The Scope of the Proposed Class.**

Plaintiff seeks to certify the following class in his motion for certification:

> All of Defendant's and its predecessor entities' California tenants who were charged penalties or fees for paying rent deemed as late or deficient between May 25, 2014, and the date of class certification.

(Dkt. No. 63-1 at 6.) This definition differs from that in the operative complaint, which defines
the putative class as:

> All of Defendant's California tenants who were charged penalties or fees for paying rent Defendant deemed as late or deficient.

(TAC ¶ 28.) Defendant argues that the inclusion of "predecessor entities" in the proposed class definition is inappropriate because it seeks to expand the scope of the complaint and Plaintiff's motion should be denied on this basis.

District courts are split over whether to hold a plaintiff to the definition of the class as set forth in the complaint. Some courts strictly adhere to class definitions provided in the operative complaint and require plaintiffs to amend their complaint before certifying a different class. *See Berlowitz v. Nob Hill Masonic Mgmt.*, No. 96-cv-01241-MHP, 1996 WL 724776, at *2 (N.D. Cal. Dec. 6, 1996) ("The court is bound by the class definition provided in the complaint [and] will not consider certification of the class beyond the definition provided in the complaint unless plaintiffs choose to amend it."). Other courts permit a plaintiff to narrow a proposed class at the certification stage without amending the complaint. *See Sandoval v. Cnty. of Sonoma*, No. 11-cv-05817-THE, 2015 WL 1926269, at *2-3 (N.D. Cal. Apr. 27, 2015); *Knutson v. Schwan's Home Servs., Inc.*, 2013 WL 4774763, at *10-13 (S.D. Cal. Sep. 5, 2013). A third group of courts permit a plaintiff to modify the proposed class so long as the "proposed modifications are minor, require no additional discovery, and cause no prejudice to defendants." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 590-91 (N.D. Cal. 2010). The second approach does not apply as Plaintiff's proposed definition does not narrow the proposed class. The Court agrees with the reasoning set forth by the third group of district courts and adopts that approach here.

Plaintiff argues that the proposed modification to the class definition is minor because it does not substantively alter the definition contained in the operative complaint. The Court disagrees. Invitation Homes was formed in November 2017, and the allegations in the TAC focus on the late fees imposed by Defendant since that time. (*See, e.g.*, TAC ¶ 19.) If the class definition is modified to include Defendant's "predecessor entities," the proposed class would encompass late fees dating back to 2014 and imposed by entities barely referenced in the complaint. This would significantly alter the scope of the case and go beyond the wrongs alleged in the complaint. This is not a minor modification to the proposed class as in the cases Plaintiff cites. *See In re TFT LCD Antitrust Litig.*, 267 F.R.D. at 590-91 (permitting modification to

definition that extended class period by twenty days and broadened scope of class to account for plaintiffs who purchased the product in the relevant state during the class period but had since moved out of state). Accordingly, the Court rejects Plaintiff's assertion that the modified class definition is "substantively identical" to the definition alleged in the TAC and concludes that proposed modification is not minor.

Additionally, Defendant would be prejudiced if the Court were to permit the proposed modification. Defendant has not had sufficient notice of this theory of liability. Although Plaintiff asserts that Defendant was on notice that Plaintiff sought to represent a class that included the late fees charged by Defendant's predecessor entities, the Court disagrees. The TAC references the purported predecessor entities just once. And it does not allege or even suggest that Defendant would be responsible for its predecessors' liabilities or late fees imposed by these entities. Plaintiff points to allegations that supposedly support its "notice" argument, but the allegations are vague and do not establish that Defendant should have been on notice that Plaintiff would seek to certify a class of encompassing late fees imposed by all its predecessor entities going back to 2014. Indeed, the Court already rejected Plaintiff's theory of successor liability finding that the allegations in the complaint were insufficient to support such a theory. (MTD Order at 7.) Nor can Plaintiff assert a theory of successor liability in his briefing on this motion. *See Brown v. Am. Airlines, Inc.*, 285 F.R.D. 546, 560 (C.D. Cal. 2011) ("Class certification is not a time for asserting new legal theories that were not pleaded in the complaint.").

The proposed modification would also prejudice Defendant given the length of time this case has been pending. Since the beginning of this litigation in 2018, Plaintiff's allegations and arguments have focused on his alleged lease agreement with Invitation Homes and his alleged payment of $95 late fees pursuant to that lease agreement. Throughout multiple amendments to his complaint, Plaintiff has consistently challenged only the $95 late fee imposed by Defendant under their uniform lease. Thus, the proposed modification would prejudice Defendant.

The remainder of Plaintiff's cited cases are distinguishable. In *Knutson v. Schwan's Home Serv., Inc.*, the plaintiff sought to certify a narrower class than the one described in the operative complaint, and the complaint included numerous allegations that supported the proposed

6

amendment. No. 3:12-cv-0964-GPC-DHB, 2013 WL 4774763, at *4 (S.D. Cal. Sept. 5, 2013). Similarly, in *Jammeh v. HNN Assocs., LLC*, the court permitted a modification to the class definition where the modification was modest and resulted in a narrower class definition. No. C19-0620-JLR, 2020 WL 5407864, at *8-9 (W.D. Wash. Sept. 9, 2020). And in *J.L. v. Cissna*, the plaintiffs made clear throughout the litigation that the injunction they sought encompassed the broader proposed class. No. 18-cv-04914-NC, 2019 WL 415579, at *6 (N.D. Cal. Feb. 1, 2019). Here, in contrast, the proposed modification would broaden the class definition and would prejudice Defendant.[2]

Accordingly, the Court finds that Plaintiff's proposed amendment to the class definition would improperly expand the class beyond the claims pled in the complaint, and it declines to adopt Plaintiff's modified class definition.

**C.     Whether the Named Plaintiff Has Standing.**

Defendant next argues that Rivera lacks standing. Standing "is a jurisdictional element that must be satisfied prior to class certification." *Lee v. State of Or.*, 107 F.3d 1382, 1390 (9th Cir. 1997) (quoting *Nelsen v. King County*, 895 F.2d 1248, 1249–50 (9th Cir. 1990)). "If the litigant fails to establish standing, he may not 'seek relief on behalf of himself or any other member of the class.'" *Id*. at 1250. Because standing is a threshold issue, the Court must consider Rivera's standing before addressing the Rule 23 requirements for certification. *See In re Abbott Labs. Norvir Anti-Trust Litig.*, Case No. 04-cv-1511-CW, 2007 WL 1689899, at *2 (N.D. Cal. June 11, 2007) (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1287–88 (11th Cir. 2001)) ("[P]rior to the certification of a class, and technically speaking before undertaking any formal typicality or commonality review, the district court must determine that at least one named class representative has Article III standing to raise each class subclaim.").

Article III standing to sue requires that a plaintiff show an (1) an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by

---

[2] Neither party addresses whether the proposed modification would require additional discovery. However, it seems likely that broadening the class definition as Plaintiff proposes would require at least some additional discovery.

7

1  a favorable judicial decision.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  The elements of Article III standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation."  *Lujan*, 504 U.S. at 561.  On a motion for class certification, this means a plaintiff must show standing through evidentiary proof.  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *see also Evans v. Linden Research Inc.*, Case No. 11-cv-1078-DMR, 2012 WL 5877579, at *6 (N. D. Cal. Nov. 20, 2012) (holding that at class certification, "Plaintiffs must demonstrate, not merely allege, that they have suffered an injury-in-fact to establish Article III standing to bring the claims asserted on behalf of the [class].").

Defendant argues that Rivera has not suffered an injury-in-fact that is fairly traceable to its conduct and thus lacks standing.  Specifically, Defendant contends that the evidence shows that Rivera (1) never signed a lease agreement with Invitation Homes, (2) was never charged a late fee by Invitation Homes, and (3) never paid a late fee to Invitation Homes.

The TAC alleges that Plaintiff has been injured by Invitation Home's uniform late rent penalty policy and practice, which imposes a $95 fee on tenants for late payment of rent.  Plaintiff further alleges that he was subject to Defendant's uniform lease, which contains the $95 late rent penalty provision.  However, there is no evidence that Rivera entered into a lease agreement with Invitation Homes or was charged a late fee by Invitation Homes.  Instead, the record shows that Plaintiff signed a lease agreement with Colony American Homes and Waypoint Homes.  His tenant register shows that he last paid a late fee in February 2017, which was during the term of his lease with Waypoint Homes and prior to Invitation Homes' implementation of its uniform lease.  Accordingly, Plaintiff has failed to show that he suffered any injury traceable to Invitation Home's allegedly unlawful $95 late fee.

Plaintiff does not dispute that he never entered into a lease agreement with Invitation Homes and that Invitation Homes never charged him a late fee.  However, Plaintiff argues he has standing to pursue his claims based on the late fees Defendant's predecessor entities charged him.

8

This argument rests on Plaintiff's flawed assertion that his claims encompass late fees charged by Defendant's predecessor entities. As discussed above, however, this theory is not alleged in the complaint. Thus, Plaintiff concedes that his only purported injury results from conduct traceable to the predecessor entities, not Invitation Homes. Accordingly, Plaintiff has not and cannot establish that he suffered an injury as a result of Invitation Homes' imposition of a $95 late fee pursuant to its uniform lease agreement. Because Rivera, the only named plaintiff, lacks Article III standing, he is not a member of the proposed class, and the Court need not reach a decision on the merits of class certification. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) ("[I]ssues of predominance, superiority, typicality, and other challenges to [a named plaintiff's] class representation need not be considered if she is not in the subject class.").

Moreover, when the sole named plaintiff in a class action lawsuit has lacked standing since the outset of the litigation, substitution of another named plaintiff is not required, and dismissal is proper. *Lierboe*, 350 F.3d at 1023 (remanding case to the district court with instructions to dismiss "where the sole named plaintiff never had standing… and where she never was a member of the class she was named to represent"); *In re Exodus Commc'ns, Inc. Sec. Litig.*, No. C-01-2661 MMC, 2006 WL 2355071, at *1 (N.D. Cal. Aug. 14, 2006) ("where the named plaintiffs in a class action lack standing, the action must be dismissed and new named plaintiffs with standing may not intervene."). Here, it is uncontested that Rivera never signed a lease with Invitation Homes and was never charged a late fee by Invitation Homes. Accordingly, Rivera never had a cognizable claim against Invitation Homes and lacked standing to assert his claims from the outset of this litigation. Under *Lierboe*, dismissal is proper.

Plaintiff argues that Rivera's lack of standing should not bar certification or require dismissal because the Court can grant certification conditioned upon substitution of another named plaintiff. (*See* Dkt. 69-1, Declaration of Sarah Naticchioni.) However, Plaintiff does not address the Ninth Circuit's holding in *Lierboe*. And the cases Plaintiff cites in support of substitution are inapposite because none address a situation where, like here, the sole named plaintiff lacked Article III standing from the start of the litigation. (*See* Reply at 14.) "[T]his is not a situation in which the case can continue with a putative class member substituted as the named plaintiff."

9

*Stanford v. Home Depot USA, Inc.*, 358 F. App'x 816, 819 (9th Cir. 2009) (affirming dismissal of action for lack of standing where the plaintiff did not satisfy Article III standing because he had no injury when the action was first brought). Dismissal is proper under these circumstances.

**D.  Defendant's Motion to Seal.**

Defendant has filed a motion to seal in connection with its opposition to Plaintiff's motion for class certification. (Dkt. No. 67.) Defendant seeks to seal certain documents and portions of documents that have been designated as "Confidential" under the parties' stipulated protective order. It appears that Defendant seeks to seal information that has been designated as confidential by Plaintiff.[3] Plaintiff, as the designating party, was required to file a statement or declaration explaining the reasons for keeping a document sealed. *See* N.D. Civ. L.R. 79-5(f)(3). However, Plaintiff has not done so.

Accordingly, unless within five days of this Order Plaintiff submits a statement or declaration establishing that the information Defendant seeks to seal should be omitted from the public record, the sealing motion will be denied, and the documents will be filed in the public record.

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES the action and DENIES Plaintiff's motion for class certification. A separate judgment shall issue, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 18, 2022

_____
JEFFREY S. WHITE
United States District Judge

---

[3] Defendant should have filed an administrative motion to consider whether another party's material should be sealed pursuant to Local Rule 79-5(f).